UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-21143-CIV-SEITZ/SIMONTON
<u>CONSENT CASE</u>

ELVA CASIMRA CABRERA DELGADO,

    Plaintiff,

v.

LAURA GONZALEZ DE ONA
and DIEGO R. SUAREZ,

    Defendants.
_____/

<u>ORDER GRANTING UNOPPOSED MOTION TO DISMISS
NEGLIGENCE COUNT OF PLAINTIFF'S AMENDED COMPLAINT
FOR LACK OF JURISDICTION</u>

This matter is before the Court upon Plaintiff's Motion to Dismiss Count II of the Complaint without Prejudice (DE # 52). The Defendant has not filed a response to the Motion and the time for doing so has elapsed. Pursuant to the consent of the Parties, the Honorable Patricia A. Seitz, United States District Judge, has referred this case to the undersigned United States Magistrate Judge for final disposition (DE # 23).

I.    <u>BACKGROUND</u>

This action was initiated when Plaintiff Elva Casimra Cabrera Delgado ("Delgado"), a live-in housekeeper, filed a Complaint alleging violations of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, ("FLSA") against her former employers Laura Gonzalez de Ona and Diego R. Suarez (DE # 1). In the original Complaint, in addition to alleging a federal minimum wage violation, the Plaintiff also alleged one count of common law negligence related to a slip and fall accident that occurred on the Defendants' property.

The federal minimum wage count (Count I) alleges that the Plaintiff worked an average of 73 hours for the Defendants between August 1, 2008 and April 1, 2011, for which she was paid below the minimum wage (DE # 8 at 3, 5).  The Plaintiff seeks to recover the difference between the amounts paid by the Defendants and the applicable minimum wage.  Jurisdiction for the federal minimum wage count is predicated upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The negligence count, on the other hand, avers that the Plaintiff slipped and fell on the Defendants' property due to the unreasonably unsafe condition of the tile floor (DE # 8 at 6-8).  In that count, the Plaintiff seeks to recover for injuries and medical bills related to the fall.  Jurisdiction for the negligence count is predicated upon the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

In the instant Motion, the Plaintiff seeks to have the negligence count dismissed from this action without prejudice.[1]  Plaintiff asserts that the Court's exercise of supplemental jurisdiction over the negligence claim is not appropriate because the negligence action does not arise from the same case or controversy as the minimum wage claim. Specifically, the Plaintiff contends that the state negligence cause of action requires completely different elements of proof and involves different standards of liability than the minimum wage claim.  In addition, the Plaintiff contends that because there were no witnesses to the Plaintiff's fall, there will be no overlap of fact witnesses

---

[1] In the Motion to Dismiss, the Plaintiff refers to Count II of the Complaint as alleging negligence.  However, on May 9, 2011, the Plaintiff filed an Amended Complaint wherein the Plaintiff added an additional Count to the action for alleged violations of the Florida Minimum Wage law, Fla. Stat. § 448.110 (DE # 8).  The Florida Minimum Wage claims were designated as Count II.  Thus, it is Count III, not Count II, that alleges negligence in the Amended Complaint and the Court therefore treats the Plaintiff's Motion as seeking to dismiss that count.

at trial, other than the Plaintiff. Further, the Plaintiff contends that the negligence claim, unlike the minimum wage claim, will require the testimony of engineering experts at trial. Plaintiff therefore argues that the actions do not arise from a common case or controversy as required by 28 U.S.C. § 1367(a), the statute which sets forth the Court's authority for exercising supplemental jurisdiction. As such, the Plaintiff contends that the state negligence count must be dismissed without prejudice.

As stated above, the Defendants have not filed a response to the Plaintiff's Motion and thus have not contested any of the factual or legal assertions advanced by the Plaintiff.

II.   **LAW & ANALYSIS**

Title 28 U.S.C. § 1367, entitled "Supplemental jurisdiction", provides in relevant part, ". . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (a). The Eleventh Circuit has noted that the constitutional "case or controversy" standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim. *Parker v. Scrap Metal Processors, Inc.*, 468 F. 3d 733, 742-43 (11th Cir. 2006) citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

Based upon a thorough review of the record, including the Plaintiff's arguments and the applicable case law, the undersigned concludes that the negligence claim (Count III) asserted in the Plaintiff's Amended Complaint must be dismissed for lack of subject matter jurisdiction. The federal minimum wage claim and the negligence claim

do not arise out of a "common nucleus of operative fact" and thus fail to satisfy the constitutional case or controversy standard enunciated in § 1367.  Rather, the claims involve different factual predicates, will require the presentation of different types of evidence at trial, and will involve testimony from different witnesses.  In addition, because the Plaintiff contends that the personal injury incident did not occur while the Plaintiff was working but when she was in her own apartment, separate from the Defendants' home, the incidents that give rise to the actions did not even occur at the same location.  In this regard, this case is akin to *Garcia v. Florida Roofing Solutions, Inc.,* 2007 WL 3343007 *1 (S.D. Fla. 2009), wherein the Court dismissed a personal injury count from an FLSA action finding that, although the plaintiff was injured while on the job, the personal injury claim had nothing, factually, to do with proof of an FLSA violation.  *Id.* Accord *Carvalho v. Door-Pak, Inc.,* 565 F. Supp 2d 1340 (S.D. Fla. 2008*)* (finding same related to counterclaim for tortuous interference raised in FLSA action).

Simply put, the negligence action and the minimum wage violation actions do not arise from the same case and controversy and thus do not fall within the Supplemental jurisdiction parameters of 28 U.S.C. § 1367 (a).  As such, the Court lacks jurisdiction over the negligence action, and Count III of the Plaintiff's Amended Complaint must be dismissed.  As the Defendants have failed to properly lodge an objection to the Plaintiff's request for the negligence count to be dismissed without prejudice, the Court dismisses that Count without prejudice as requested by the Plaintiff.

III.    CONCLUSION

It is therefore

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Count II of the

4

**Plaintiff's Amended Complaint for lack of jurisdiction (DE # 52), is granted to the extent that it seeks to dismiss the negligence count of the Plaintiff's action. The Plaintiff may proceed on Counts I and II of the Amended Complaint (DE # 8) which allege violations of the Fair Labor Standards Act (Count I) and the Florida Minimum Wage act (Count II). Count III of the Amended Complaint alleging negligence is dismissed without prejudice for lack of jurisdiction.**

**DONE AND ORDERED** at Miami, Florida, on May 15, 2012.

*/s/ Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record